# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

|  |  |
|---|---|
| TIMOTHY RAY SADLER,<br><br>   Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, et al.,<br><br>   Respondents. | **CV-21-41-H-BMM-KLD**<br><br>**ORDER** |

  Petitioner Timothy Ray Sadler, a state prisoner proceeding pro se, has filed two previous habeas relief petitions with this Court pursuant to 28 U.S.C. § 2254. (Doc. 3 at 1 n. 2). The Court dismissed both petitions as unexhausted. *Id.*

  Sadler then filed the present action under 28 U.S.C. § 2255. (Doc. 1). Sadler originally was convicted of Improper Influence in Official and Political Matters, a violation of Montana state law, in Montana's First Judicial District Court, Lewis and Clark County. Sadler currently is serving a revocation sentence imposed on March 1, 2017, for violation of probationary terms under his state sentence. United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendations in this matter on May 26, 2021, recommending that Sadler's present petition be

dismissed. (Doc. 3). Sadler has filed an objection to the Findings and Recommendations. (Doc. 4).

The Court reviews *de novo* those findings and recommendations to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the complaint, however, the Court reviews for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (internal citations omitted). (*See* Doc. 4). The Court also reviews for clear error the portion of the Findings and Recommendations to which the party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court has reviewed Sadler's petition de novo and determines that the petition suffers from procedural defects. The Court will dismiss Sadler's petition, as some of his present claims are not cognizable in federal habeas. As a state prisoner, Sadler may not proceed under 28 U.S.C. § 2255.

Sadler's present § 2255 petition reiterates similar claims to those previously advanced in his § 2254 petitions. (Doc. 3 at 2). Sadler's petition includes a number of allegations, including, among others, the following: (1) multiple wide-ranging conspiracies involving various actors and governmental agencies working together

to keep him incarcerated, (Doc. 1 at 4–8, 12, 14–15); (2) certain irregularities in his state court proceedings, (Doc. 1 at 9–13); and (3) that he unlawfully was held at the Lewis and Clark County Jail and the conditions of his confinement were unconstitutional, (Doc. 1 at 14–16). Sadler's objection to the Findings and Recommendations, although difficult to follow, reiterates a number of these claims. (Doc. 4).

A motion under § 2255 generally serves as the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality and/or validity of his or her conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Habeas Rule 4 requires an assigned judge to examine a habeas petition and order a response, except in those cases where it "plainly appears" that the petitioner is not entitled to relief. *See* Rule 4 Governing Section 2254 Cases; Rule 4 Governing Section 2255 Cases; *see also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). Habeas Rule 4 allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, and/or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Sadler's petition suffers from a number of procedural defects. He improperly filed the present petition under 28 U.S.C. § 2255, instead of § 2254. *See* Doc. 1. Whether this Court may review Sadler's petition hinges on his custodial status.

3

Sadler is a state prisoner in the custody of the Montana State Prison for a 2017 revocation sentence. Section 2254 proves the only potential avenue available to Sadler for federal habeas relief. Because Sadler is not a federal prisoner, he may not proceed under § 2255. Section 2254 permits federal courts to entertain a habeas petition submitted on behalf of state court prisoner only where the petition alleges that the prisoner's custody is in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254. The Court therefore dismisses Sadler's § 2255 petition for procedural defects.

Accordingly, **IT IS ORDERED:**

1. Sadler's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED.**

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is **DENIED.**

Dated this 13th day of July, 2021.

_____
Brian Morris, Chief District Judge
United States District Court